# Expiration of Authority of Recess Appointees

Two members of the National Labor Relations Board who received recess appointments between the first and second sessions of the 107th Congress may not continue to serve on the Board after the Senate adjourned the second session sine die.

November 22, 2002

MEMORANDUM OPINION FOR THE ASSOCIATE COUNSEL TO THE PRESIDENT

You have asked whether two members of the National Labor Relations Board ("Board") who received recess appointments between the first and second sessions of the 107th Congress may continue to serve on the Board after the Senate adjourned the second session sine die. We believe that these members may not continue to serve after that adjournment.

The Constitution provides that "[t]he President shall have Power to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the end of their next Session." U.S. Const. art. II, § 2, cl. 3. The commissions of the recess appointees in question thus expired when the Senate adjourned the second session of the 107th Congress sine die. At that point, the recess appointees no longer were members of the Board and had no authority to exercise any power of Board members. *See* Memorandum for Cindy Daub, Chairman, Copyright Royalty Tribunal, from Walter Dellinger, Assistant Attorney General, Office of Legal Counsel, *Re: Tenure of Recess Appointees on the Copyright Royalty Tribunal* at 8 (Nov. 24, 1993) ("1993 Opinion").

The statute for the Board does not provide that members may hold over after their terms of office. *See* 29 U.S.C. § 153 (2000). While "it is, at the least, a grave and doubtful proposition that a recess appointee/holdover could continue to serve in an important office (possibly as a principal officer of the United States) without a presidential commission" even if Congress authorized the service, 1993 Opinion at 8, we need not reach that question here. In any event, the members may not serve past the Senate's adjournment sine die.

The Senate's resolution on adjournment, S. Con. Res. 160, provided that, "the House of Representatives concurring," the Senate "stand[s] adjourned sine die." By its terms, therefore, S. Con. Res. 160 did not become effective until the House concurred. Indeed, under a unanimous consent resolution, *see* 148 Cong. Rec. 23,429-30 (Nov. 20, 2002), the Senate was to return today, November 22, at 2:00 p.m., if the House had not acted on the resolution of adjournment by then. We understand, however, that the House did pass S. Con. Res. 160 today, and the Senate thus was in recess sine die as soon as the House acted. That time marks the end of the recess appointments at issue here.

M. EDWARD WHELAN III
*Principal Deputy Assistant Attorney General*
*Office of Legal Counsel*